**FROUG, Admr., Plaintiff-Appellant, v. MIAMI SAVINGS & LOAN COMPANY, Defendant-Appellee.**

Ohio Appeals, Second District, Montgomery County.

No. 2266.   Decided November 30, 1953.

Froug & Froug, Dayton, By John Froug, Of Counsel, for plaintiff-appellant.

Mason Douglass, Dayton, for defendant-appellee.

## OPINION

By THE COURT:

This is an appeal on questions of law and fact from the judgment of the Common Pleas Court of Montgomery County, Ohio, which ruled that the decedent was a stockholder of the Miami Savings and Loan Company and was not entitled to the status of a creditor.

At the time The Miami Savings and Loan Company was taken over for liquidation, the defendant had on deposit the sum of $3,300.00. Plaintiff contends that decedent had deposited money in a savings deposit account, whereas the defendant contends that decedent held a running stock account. On the evidence adduced, the trial court held that the decedent possessed a running stock account.

By stipulation of counsel, the matter was submitted to this Court on the record below, and additional evidence which we find to be pertinent and determinative of the question presented.

A subscription for stock must be in writing. **Sec. 9649 GC.** The decedent never subscribed in writing for stock, either at the time the account was opened or at a later date; neither does the evidence show that the decedent orally agreed at any time to become a stockholder. The evidence clearly shows that the decedent at all times considered herself the owner of a savings deposit account. There has been introduced in evidence correspondence between the decedent and the loan company, extending over a period of years, prior to liquidation which shows that the defendant company used the term "interest" and "dividends" to designate the earnings on the account. The decedent usually referred to such earnings as "interest". The defendant company described the account as a "savings account". This evidence was not presented to the trial court.

The fact that the defendant loan company, on its records, designated the account as a "running stock account" was not known to and not binding on decedent. The fact that the withdrawal slips had printed on them the words "running stock account" and that on several of the withdrawal slips there was written thereon in ink "Rs", indicating the account was a runnning stock account, in and of itself, would not be sufficient to convert the deposits into a stock account. Such evidence does not work an estoppel, since there is no evidence that decedent had knowledge that the defendant company considered her a stockholder.

In our opinion the evidence satisfies the required degree of proof supporting the plaintiff's right to an order reforming and correcting the records of the loan company showing the decedent to be a depositor rather than a stockholder, and declaring the decedent, and now her administrator, to have the status of a creditor.

An order may be drawn accordingly.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.